UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SAMUEL M.                              :
                                       :
v.                                     :        C.A. No. 24-00332-LDA
                                       :
LELAND C. DUDEK, Acting                :
Commissioner                          :
Social Security Administration         :

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB")

under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed his Complaint on August

19, 2024 seeking to reverse the decision of the Commissioner.  On December 17, 2024, Plaintiff filed

a Motion to Reverse the Decision of the Commissioner.  (ECF No. 9).  On January 10, 2025, the

Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner.  (ECF No.

10).  No Reply was filed.

With the consent of the parties, this case has been referred to me for all further proceedings

and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Based upon

my review of the record, the parties' submissions, and independent research, I find that there is

substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff

is not disabled within the meaning of the Act.  Consequently, Plaintiff's Motion to Reverse (Document

No. 9) is DENIED and the Commissioner's Motion for an Order Affirming (ECF No. 10) is

GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for DIB on August 15, 2022 (Tr. 170-171) which was denied

initially on October 11, 2022 (Tr. 68-75) and on reconsideration on December 5, 2022.  (Tr. 77-83).

Plaintiff requested an Administrative Hearing which was held on July 21, 2023 before Administrative Law Judge Kate Dana (the "ALJ") at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and/or testified. (Tr. 31-66). The ALJ issued an unfavorable decision to Plaintiff on August 30, 2023. (Tr. 14-26). On June 14, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the VE's testimony was impermissibly vague and the ALJ erred in relying upon it at Step 5. Plaintiff further contends that substantial evidence does not support the ALJ's RFC.

The Commissioner disputes Plaintiff's claims and contends that Plaintiff waived his argument as to the VE's testimony and that substantial evidence supports the ALJ's RFC.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v.

-2-

Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.    The requirements that

-4-

adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2).

Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors.    Id. §§ 404.1520c(b)(3), 416.920c(b)(3).  In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel.  Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d).  And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists.  Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments.  Id.  Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner.  Id. §§ 404.1520b(c), 416.920b(c).

-6-

### B.      Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not

have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national

economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.  Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36.  Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical

impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  Social Security Ruling ("SSR") 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3).  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).  However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms."  SSR 16-3p, 2017 WL 4790249, at *49465.

**2.    Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility

-10-

finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

At Step 2, the ALJ found that Plaintiff's lumbar degenerative disc disease with radiculopathy was a severe impairment.  (Tr. 20).  At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing.  Id. The ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR

404.1567(a) except he is able to lift and carry, including push and pull, ten pounds occasionally and less than ten pounds frequently.  He is able to stand and walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday.  He is able to push and pull with the right lower extremity on an occasional basis.  He is able to occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds.  He is able to frequently kneel, crouch and crawl, but only occasionally balance and stoop.  He must be allowed to switch positions from sitting to standing for one to two minutes every hour while staying on task.  He is able to understand, remember and carry out simple instructions and tasks.  (Tr. 21).  At Step 4, the ALJ determined that Plaintiff was not able to perform his past relevant work, but ultimately concluded at Step 5 that he was not disabled because Plaintiff could do a significant number of unskilled jobs in the national economy.  (Tr. 25).

### B.    Plaintiff Waived His Argument Regarding the VE's Testimony

Plaintiff's first argument is that remand is necessary because the VE "testified to a vague, unrepeatable, and dense methodology for coming up with the job numbers upon which the ALJ ultimately relied…."  (ECF No. 9 at p. 7 citing Tr. 64-65).  At the hearing, the VE identified several thousand jobs available to an individual with Plaintiff's background and RFC.  (Tr. 62-63).  The VE noted that the source for his job numbers was a "network of resources" including the "occupational classification system," and "trade organizations or industrial organizations."  (Tr. 64).  Plaintiff's attorney then asked the VE if he used any "after market software such as Job Browser Pro by SkillTRAN?"  (Tr. 64-65).  The VE responded that he does not use that software "for a number of reasons" despite having it.  (Tr. 65).  Plaintiff's attorney did not ask any further questions about the sources of the VE's numbers, but instead concluded his cross examination without following up.

Plaintiff now contends that his question concerning the use of after-market software was sufficient to establish that the source for job numbers was "impermissibly vague" and "obtuse."  (ECF

No 9 at p. 8). Plaintiff asserts his query regarding SkillTRAN was sufficient to identify this issue, and that the ALJ then was required to establish "substantial evidentiary support" for the numbers provided. Id. at p. 10. The Court finds that the single question posed by Plaintiff's counsel regarding after-market software was not sufficient to preserve the issue for review by this Court.

Case law in this District is clear that a Plaintiff is required to first raise such an objection at the administrative level in order to develop an appropriate record and then pursue such a claim before the District Court. See Redley W. v. Kijakazi, No. 23-72-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023); and Isaiah M. v. Kijakazi, No. 23-150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023). "Plaintiff's [ ] argument fails because it was waived by Plaintiff's failure to raise his challenge…before the ALJ." Scott B. v. Kijakazi, No. 21-481-MSM, 2022 WL 17335993, at *9 (D.R.I. Nov. 30, 2022), report and recommendation adopted, No. 1:21-cv-481-MSM, 2023 WL 1794576 (D.R.I. Feb. 7, 2023). This is true, even in cases such as this, where the burden has shifted to the Commissioner at Step 5. See Catherine Y. v. Colvin, No. 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017) ("[p]laintiff passed up not one, but two chances to ask a VE to provide the DOT numbers. The failure to do so at either hearing waives her right to raise the issue now."). Because Plaintiff's counsel opted not to question the VE in any depth or substance about the job numbers provided to address the purported ambiguity of which he now complains, (Tr. 66-67), the argument is waived.

### C.    Substantial Evidence Supports the RFC

Next, Plaintiff contends that the ALJ denied benefits to him based on her "lay analysis" and not the totality of the record. Plaintiff asserts that his chronic pain was not adequately accounted for, and a reassessment of the record is required. This argument fails because it amounts to little more than an improper attempt to ask this Court to revisit the evidence and order remand based on

conclusions more favorable to Plaintiff.  It is well established that this Court cannot overturn the ALJ's findings simply because it may have drawn different inferences from the record evidence.  See Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

The ALJ conducted a comprehensive discussion of Plaintiff's treatment history to support the finding that Plaintiff's complaints were not entirely consistent with the record.  (Tr. 23-24).  The state agency medical consultants, Mark Mahoney, M.D. and Charles Khan, M.D. opined that Plaintiff was capable of work at the light exertional level, which is a broader range of work than the sedentary RFC ultimately assigned by the ALJ.  Id.  Further, the ALJ accurately noted that "none of [Plaintiff's] own providers limited his ability to perform specific work-related activities."  (Tr. 24).  The ALJ acknowledged Plaintiff's reported symptoms, despite the objective evidence to the contrary, resulting in "the not uncommon situation of conflicting medical evidence.  The trier of fact has the duty to resolve that conflict." Richardson v. Perales, 402 U.S. 389, 399 (1971).  In this instance, when faced with Plaintiff's reported subjective symptoms, the ALJ reasonably considered the entire case record, including objective medical evidence, in accordance with SSR 16-3p.  See Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018).  In addition to objective evidence, the ALJ appropriately relied on Plaintiff's work history, reported daily activities, and the medical consultants' assessments when reaching her RFC determination.  (Tr. 23-24).

In short, as argued by the Commissioner, the ALJ considered Plaintiff's subjective symptoms, such as pain, but supportably determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record.  I find that the ALJ thoroughly laid out the relevant evidence of record and clearly articulated his conclusions and supporting rationale.  Plaintiff has shown no error in that exercise and, since the ALJ's findings are adequately supported by the record, they must be affirmed.

## VI.    CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 9) is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 10) is GRANTED.  Further, the Clerk shall enter Final Judgment in favor of Defendant.


  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 14, 2025